# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Colleen Therese Condon and Anne Nichols Bleckley, ) ) ) Plaintiffs, ) ) v. ) ) Nimrata (Nikki) Randhawa Haley, in her ) official capacity as Governor of South ) South Carolina; Alan Wilson, in his official ) capacity as Attorney General; and Irvin G. ) Condon, in his official capacity as Judge of ) Probate of Charleston County, ) ) Defendants. ) ) | Civil Action No.: 2:14-cv-04010- RMG<br><br>**PLAINTIFFS' REQUEST FOR EXPEDITED TRIAL (RULING)** |

COME NOW, Plaintiffs COLLEEN CONDON and NICHOLS BLECKLEY, by and through their attorneys, and move pursuant to Local Civil Rule 16.14 (D.S.C.) for this Court to expedite its ruling in this matter.

Plaintiffs Colleen Condon and Nichols Bleckley are legally qualified to marry under the laws of the State of South Carolina. On October 9, 2014, Plaintiffs were denied a marriage license for which they had applied, paid a fee, and waited the requisite 24 hours. Plaintiffs filed a Complaint for declaratory and injunctive relief on October 15, 2014, seeking to secure the fundamental right to marry as guaranteed to them by the Fourteenth Amendment to the United States Constitution. *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014).

On October 22, 2014, Plaintiffs filed a motion for summary judgment and a motion for preliminary injunction. The motions were served electronically upon Defendant Irvin G. Condon ("Judge Condon"), were served by mail upon Defendants Haley and Wilson, and emailed to their counsel. According to the notices of electronic filing, Defendants' Responses to the motions are

due on or before November 10, 2014. The Court has shortened the time for Defendants' response to the motion for preliminary injunction to November 3, 2014.

Plaintiffs move for an expedited ruling on the grounds that 1) they suffer irreparable harm by any delay in the disposition of this matter due to the deprivation of their Constitutionally-guaranteed rights; 2) the law of the case is well-established by binding precedent of the Fourth Circuit Court of Appeals. *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014); 3) the harm to Plaintiffs caused by delay far exceeds any likelihood of success by Defendants; 4) the facts of this case are simple, well-known and undisputed, and there is no necessity for discovery or trial; and 5) an expedited ruling serves both judicial economy and the public interest in resolving an important issue.

Plaintiffs observe that Defendant Attorney General Alan Wilson, on October 8, 2014, filed a Petition for Original Jurisdiction and Motion for Temporary Injunction and Administrative Order with the South Carolina Supreme Court to stop Defendant Judge Condon from issuing Plaintiffs and other same-sex couples a marriage license. In his Petition, he asserts that "Until the federal courts rule on this very important matter . . . it is not legally proper to issue such licenses. If the federal courts conclude, in accordance with the Fourth Circuit panel in *Bostic*, that South Carolina's marriage amendment . . . is invalid, there will be sufficient time to issue marriage licenses to same-sex couples." (Petition at 2-3)

Thus, an expedited ruling by this Court on whether or not *Bostic* invalidates the South Carolina constitutional and statutory bans on same-sex marriage would appear to satisfy the Attorney General's request as well.

By way of a good example of stewardship of the public trust, Plaintiffs point to the October 17, 2014, decision of Arizona Attorney General Tom Horne in declining to appeal the

decision of the U.S. District Court striking Arizona's marriage restriction. Attorney General Horne acknowledged that the controlling legal precedent had been established, and determined that ethics dictated he not pursue an appeal.

Similarly, the Fourth Circuit Court of Appeals has enunciated the controlling law in South Carolina through *Bostic*. Defendant Attorney General Wilson represents his clients, the citizens of South Carolina (including the Plaintiffs). As attorney for the State's citizens, Defendant is obligated to exercise the judgment and restraint required by Rule 11 of the Federal Rules of Civil Procedure and by the South Carolina Rules of Professional Conduct, especially Rule 3.1: Meritorious Claims and Contentions, comments [1] and [2]. He should, based upon ethical considerations, decline to further defend a losing cause, as there is no remaining good faith argument to support the defense.

Plaintiffs' counsel affirms that, prior to filing this Motion, she conferred with opposing counsel in a good faith effort to resolve the matters contained in this Motion. Counsel for Defendant Judge Condon consents to the Motion. Counsel for Defendants Haley and Wilson have not yet determined their position on the matter.

Plaintiffs respectfully request that the Court grant an expedited ruling. There is no effective or meaningful remedy for the loss of Constitutional rights; the only remedy of any value is swift justice. As articulated so poignantly by Judge Waties Waring during the long struggle for school integration, "If this method of judicial evasion be adopted, these very infant Plaintiffs now pupils in Clarendon County will probably be bringing suits for their children and grandchildren decades or rather generations hence in an effort to get for their descendants what

are today denied to them. If they are entitled to any rights as American citizens, they are entitled to have rights now and not in the future. . . ." [1]

Respectfully submitted,

| | |
|---|---|
| LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC. | SOUTH CAROLINA EQUALITY COALITION, INC. |
| Elizabeth L. Littrell (Georgia Bar No. 454949)<br>730 Peachtree Street, NE, Suite 1070<br>Atlanta, Georgia 30308<br>Phone: (404) 897-1880<br>Fax: (404) 897-1884<br>blittrell@lambdalegal.org | s/M. Malissa Burnette_____<br>M. Malissa Burnette (Fed. I.D. No.:1616)<br>Nekki Shutt (Fed. I.D. No.: 6530)<br>CALLISON TIGHE & ROBINSON, LLC<br>1812 Lincoln Street<br>Post Office Box 1390<br>Columbia, South Carolina 29202<br>Telephone: 803-404-6900<br>Facsimile: 803-404-6901<br>mmburnette@callisontighe.com<br>nekkishutt@callisontighe.com |
| **ATTORNEYS FOR PLAINTIFFS**<br>*Admitted Pro Hac Vice*<br><br>By Order dated October 17, 2014 | |
| | Victoria L. Eslinger (Fed. I.D. No.:738)<br>NEXSEN PRUET, LLC<br>P.O. Drawer 2426<br>Columbia, South Carolina 29202-2426<br>Telephone:  803-253-8249<br>Facsimile:  803-253-8228<br>veslinger@nexsenpruet.com |
| | **ATTORNEYS FOR PLAINTIFFS** |

October 23, 2014

---

[1] *Briggs et al. v. Elliott et al.,* 98 F. Supp. 529; 1951 U.S. Dist. LEXIS 2261 (Waring dissent, p. 64-5)