IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Colleen Therese Condon and Anne Nichols Bleckley, | Civil Action No. 2:14-cv-04010-RMG |
| Plaintiffs, | |
| v. | |
| | MOTION TO DENY OR DEFER ATTORNEY'S FEES |
| Nimrata ("Nikki") Randhawa Haley, in her official capacity as Governor of South Carolina; Alan M. Wilson, in his official Capacity as Attorney General; and Irvin G. Condon in his official capacity as Probate Judge of Charleston County, | |
| Defendants. | |

The Defendant Wilson moves for this Court to deny the Petition for Attorney's Fees and Costs in this case without prejudice or, alternatively, to defer, hold in abeyance or continue that Petition until a final decision is regarding his appeal in this case. The over $150,000 in fees requested for hundreds of hours of work is extraordinarily high given the brief life of this case and thus warrants a healthy dose of skepticism, as well as a painstaking scrutiny. As discussed below, considerations of judicial economy dictate that the Petition be denied or deferred while the United States Supreme Court determines the constitutional issues raised in this case and the numerous other cases where a prohibition upon same-sex marriage has been challenged on constitutional grounds. The Supreme Court has notified the various attorneys in the same-sex cases pending before it that the *certiorari* petitions will be considered at the next conference on January 9, 2015. Thus, such dismissal or deferral in this case would be consistent with the Supreme Court's action, as well as the stay granted by the District Court as to attorney's fees in the similar case of *Bradacs v. Wilson* now consolidated with the instant decision on appeal.

While the instant Motion to Deny or Defer is pending, Defendant Wilson asks that this Court hold in abeyance the current deadline of January 7, 2015 for him to do a Return to the Motion.

## BACKGROUND

By Order of November 12, 2014, this Court granted summary judgment to Plaintiffs-Respondent against South Carolina laws banning same-sex marriage, dismissed the Governor but on grounds of Eleventh Amendment immunity, issued injunctions and denied as moot the Attorney General's Motion to Dismiss. S.C. Code Ann §§20-1-10 and 20-1-15; S.C. Const. art. XVII, §15.  *Condon v. Haley*, 21 F.Supp.3d 572 (D.S.C. Nov. 12, 2014).  The Attorney General has appealed that decision, but the Court of Appeals stayed the appeal at his request and with the consent of Plaintiffs "pending a final decision by the United States Supreme Court regarding the petitions for writ of certiorari *in DeBoer v. Snyder*, . . ., 2014 WL 5748990 [772 F23d 388 (6th Cir. 2014)] and any petition for [writ] of certiorari filed in the instant case." *Bleckley v. Wilson,* Doc: 22, filed 12/15/2014. We believe that, because there is now a split among the circuits, regarding the constitutionality of bans upon same-sex marriage, the probability is high that the Supreme Court will accept the *DeBoer* case at its conference on January 9 (Docket No's 14-556, 14-562, 14-571, 14-574) and decide the constitutional issues once and for all in this Term.[1]  In other words, this case is not the ordinary attorney's fees case, but one involving constitutional issues of great importance across the country.  Until the Supreme Court resolves these constitutional claims, any award of attorney's fees in this case is premature.

The Court of Appeals has consolidated the appeal in the instant case with the appeal taken by the Attorney General of the decision in *Bradacs v. Haley*, No. 3:13-CV-02351-JMC,

---

[1] The Supreme Court is also scheduled to consider, at its January 9 conference, the Petition for Writ of Certiorari filed as to the decision of a United States District Court in Louisiana upholding that state's ban on same-sex marriage." *Robicheaux v. Caldwell,* 2 F. Supp. 3d 910  (E.D. La. Sept. 3, 2014); Docket No. 14-596.

2014 WL 6473727 (D.S.C. Nov. 18, 2014) finding art. XVII, § 15 and §20-1-15 unconstitutional to the extent that these provisions prohibit the recognition of valid same-sex marriages entered in other states. *Bradacs,* Appeal No. 14-2241, Doc. 23, filed 12/15/2014.  The Court of Appeals is now holding the *Bradacs* appeal in abeyance with the appeal in the instant case, awaiting Supreme Court review of the constitutional question.  *Id.* The Honorable Michelle Childs has, with the consent of the Plaintiffs in *Bradacs,* also granted the Attorney General's Motion to Stay Attorney's fees and responsive memoranda in this case and proceedings related thereto until the Court of Appeals makes a final decision regarding the appeal in that case.  Text Order, December 17, 2014, Doc. No. 108.

## THIS COURT SHOULD DISMISS OR DEFER THE ATTORNEYS FEES MOTION

"Where a party has filed a notice of appeal, a district court has the discretion to do three things with respect to a motion for attorney's fees:  'If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice . . . .' Fed.R.Civ.P. 54(d) advisory committee's note (1993*)."  Decorative Panels Int'l, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers & its Lodge W-260*, No. 13-CV-10798, 2014 WL 5847602, at *4 (E.D. Mich. Nov. 12, 2014).  *Decorative Panels* found that "the final option-denial without prejudice-is most appropriate for two reasons" both of which are applicable to the instant case. "First, if [the appealing party] prevails on appeal, [the moving party] would not be entitled to attorney fees. Thus, deciding the motion would have wasted judicial resources. *See e.g., Derringer v. Sewell*, 2009 WL 2424662, at * 1 (D.Ariz. Aug.7, 2009) (denying motion for attorney fees without prejudice pending appeal because of interest in judicial economy); *Ewing v. TWA Rest. Group, Inc.*, 2009 WL 976490, at *1 (D.Kan. Apr.10, 2009) (same); *Quigley v. Gov't Emps. Ins. Co.*, 2008 WL 384561, at *1

(M.D.Fla. Feb.11, 2008) (same)." *Id.* Second, if [the Appellant] does not prevail on appeal, [the moving party] will almost certainly seek to recoup the expenses that it incurred on appeal. *See, e.g., Quigley*, 2008 WL 384561, at *1. And efficiency favors resolving all of the fee requests at once rather than piecemeal."

These considerations are particularly important in the instant case in which the United States Supreme Court is highly likely to be the final arbiter as to which party ultimately prevails on the issue of the constitutionality of South Carolina's same-sex marriage laws. The *DeBoer* Petitions *supra* are taken from the decision of the Sixth Circuit Court of Appeals upholding the constitutionality of the same-sex marriage laws in four states. Other circuits have reached a different conclusion. Thus, a grant of *certiorari* in *DeBoer* at the upcoming conferences is likely. We cannot know which side in the instant case will ultimately prevail until *DeBoer* is decided and the stays are lifted by the Fourth Circuit in this case and *Bradacs*. If the Supreme Court upholds these bans, Plaintiffs will not prevail and they will be entitled to no fees. If the Supreme Court declares all such laws unconstitutional, Plaintiffs will likely to seek to recoup any fees that they have incurred on appeal.

The likelihood of Supreme Court review is a critical factor in the District Court's deferral of the attorney's fees question. The Court discussed this factor in *Michigan Building and Construction Trades Council v. Snyder*, 2012 WL 1893516 (E.D. Mich. 2012). There it was stated that

> [s]taying the Fees Motion until after appeals have been exhausted is necessary to avoid piecemeal litigation. Indeed, this was the approach taken in this District in the case GRATZ v. Bollinger, 353 F.Supp 929 (E.D. Mich. 2005), discussed by the parties in their briefs. There, the District Judge waited until after appeals to the Sixth Circuit and the Supreme Court were complete before awarding fees. It would not be in the interest of judicial economy to award fees now, only to revisit the litigation after the appellate litigation is complete.

4

*Id.* at 2. It would make little sense to award fees now, when not only is the Supreme Court likely to resolve the constitutional issue soon (in this Term most likely), but the pending Fourth Circuit appeal in this case may reach a difficult conclusion than did this Court.

Indeed, in *Citizens for Equal Protection et al. v. Bruning*, 455 F.3d 859 (8th Cir. 2006), that very scenario occurred with respect to the question of whether a ban upon same-sex marriage may be constitutionally enforced. As here, the District Court held that a constitutional amendment requiring that only "marriage between a man and a woman shall be valid or recognized in Nebraska" was unconstitutional. However, the Eighth Circuit Court of Appeals held that "Appellees equal protection argument fails on the merits." 455 F.3d at 868-869. According to the Eighth Circuit, "[i]n the nearly one hundred and fifty years since the Fourteenth Amendment was adopted, to our knowledge no Justice of the Supreme Court has suggested that a state statute or constitutional provision codifying the traditional definition of marriage violates the Equal Protection Clause or any other provision of the United States Constitution." *Id.* at 870.

Thus, the *Bruning* Court concluded that attorney's fees were unwarranted in light of the Eighth Circuit's decision on the merits. Concluded the court in *Bruning*,

> [t]he judgment of the district court is reversed and the case is remanded with the directions to dismiss Appellees' complaint with prejudice. Given our decision on the merits, Appellees are no longer "prevailing parties." The district court's award of attorneys fees is therefore reversed. See *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

*Id.* at 871. While it is true that the Fourth Circuit, in the *Bostic* case, decided the issue of the constitutionality of a ban upon same-sex marriage adversely to Virginia, South Carolina is still entitled to its appeal of the issue as well as the opportunity to weigh in at the Supreme Court, if and when the Court accepts the *DeBoer* case. We will argue in our appeal, issues such as the

5

"prior panel" rule, which were not presented in *Bostic*, as well as important federalism concerns, not presented in that case.  Most importantly, however, the Supreme Court is likely to address the important constitutional questions which, thus far, have only been decided at the Circuit Court level.  Thus, the constitutionality of Art. XVII, §15 is still very much an open question. Just as this Court recognized these factors in granting the one week stay in order to appeal, we now ask that it stay the question of attorneys fees while the merits issues are being decided by the higher courts.

Therefore, as in *Decorative Panels,* fees should be resolved at one time rather than piecemeal while the parties await and then apply the ruling of the Supreme Court in *DeBoer. See also, Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, No. 6:09-CV-6043 MAT, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014)("deferring a ruling on Plaintiffs' motion for attorneys' fees until the Second Circuit resolves Defendants' appeal ensures that this Court only has to address the motion for attorneys' fees by the party that ultimately prevails.").  *CSX Transp., Inc. v. Peirce*, No. 5:05CV202, 2013 WL 5375983, at *3 (N.D.W. Va. Sept. 25, 2013)(holding fees in abeyance in interest of judicial economy);  *Am. Heartland Port, Inc. v. Am. Port Holdings, Inc*., No. 5:11CV50, 2014 WL 5038331, at *8 (N.D.W. Va. Oct. 8, 2014)( holding the plaintiffs' motion to vacate the bill of costs in abeyance pending the resolution of any appeal . . . is the proper course of action at this time;  *See Reed v. Health and Human Services*, 774 F .2d 1270, 1277 (4th Cir.1985) [reversed on other grounds] (holding that a district court may defer ruling on a petition for attorneys' fees pending a final resolution of the merits)").

Moreover, the appeal in the instant case is now consolidated with the *Bradacs* same-sex marriage case.  Because attorney's fees are stayed in that case, a ruling in the instant case could result in an attorney's fees appeal well before a ruling on fees is made in *Bradacs.* The disjointed

appeals in a consolidated case involving similar issues could create confusion and lead to a particularly complicated piecemeal approach which *Decorative Panels* said courts should avoid.

The simplest way to resolve this issue is to deny the Petition for Attorney's Fees without prejudice. *Decorative Panels* squarely supports such a decision, as does *Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, No. 4:07-CV-194-A-V, 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013)(" in order to avoid the piecemeal resolution of fees that would necessarily follow from ruling on Plaintiff's request for fees prior to a decision on the second appeal of this matter, the Court denies Plaintiff's motion without prejudice to his right to re-file such motion . . . ."); *see also, Pacing Technologies, LLC v. Garmin Int'l, Inc*., No. 12-CV-1067-BEN JLB, 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014)(denying without prejudice the Motion for Attorneys' Fees and granting the moving party leave to renew its motion following disposition of the case on appeal). This Court has authority to deny the Plaintiffs' Petition for Fees without prejudice based upon these cases and the Rule 54 commentary cited therein. Denial without prejudice is more efficient than deferring the motion. If the Supreme Court in *DeBoer* upholds same-sex marriage bans, Plaintiffs will not be entitled to apply for fees. If the Supreme Court overturns such bans, Plaintiffs will need to update any motion they choose to file.

Alternatively, this Court should defer or hold in abeyance Plaintiffs' Petition until a final decision on the merits of the appeal in this case.[2] Doing so would be consistent with these observations of the District Court in *CSX Transp., supra*:

> In the interest of judicial economy, this Court finds that holding CSX's motion for attorneys' fees and litigation expenses and bill of costs in abeyance pending the resolution

---

[2] Unlike, the Plaintiff in *NGM Ins. Co. v. Carolina's Power Wash & Painting,* LLC, No. 2:08-CV-3378-DCN, 2010 WL 3258145, at *5 (D.S.C. Aug. 16, 2010), who "offered no legal basis or reason for [the] court to stay an award of attorney's fees pending outcome of plaintiff's appeal," the Attorney General has substantial reasons for the Court to take such action in the instant case.

7

> of any appeal of the underlying jury verdict or other resolution of this civil action is the proper course of action at this time. CSX is seeking a significant award in both its motion for attorneys' fees and litigation expenses and in its bill of costs. An examination of all the supporting documentation that the parties provided in relation to the motion and bill of costs, together with an examination of the legal issues involved in the briefing of the motion and bill of costs, will require a great amount of time and an analysis of numerous factual and legal issues. If any appeal of the jury verdict and amended judgment is successful, such time and effort expended ruling on these matters will be a misuse of this Court's resources as at the very least such rulings will need altered.

Exactly.  Plaintiffs have requested over $150,000 in fees for a case that was filed only a little over two months ago while the Bradacs case was pending with similar issues, and decided in just over a month based upon recent precedent of the Court of Appeals.  Therefore, that demand for fees is extraordinarily large in light of the brief life of this case, and will require exacting scrutiny.  *CSX, supra.*  Examination of those claims should await a final decision of the Court of Appeals in the instant case and a complete resolution of the constitutional issues raised before any ultimate determination that Plaintiffs are the prevailing parties in this case.  To consider the issue of attorney's fees now, while the Supreme Court is weighing the grant of *certiorari* on the very same issue would be imprudent.

While this Petition is pending, the Attorney General respectfully requests that the deadline for his return on January 7, 2015 be deferred.

8

## CONCLUSION

For the foregoing reasons, the Attorney General respectfully request that the Plaintiffs' Petition for Attorney's Fees be denied without prejudice or alternatively, that it be deferred and held in abeyance pending a decision on appeal. He asks that the deadline for his Return to the Fee Petition be deferred in the interim.

Respectfully submitted,

ALAN WILSON
Attorney General
Federal ID No.10457

ROBERT D. COOK
Solicitor General
Federal ID No. 285
Email: BCOOK@SCAG.GOV

/s/ J. Emory Smith, Jr.
J. EMORY SMITH, Jr.
Deputy Solicitor General
Federal ID No. 3908
Email: ESMITH@SCAG.GOV

IAN P. WESCHLER
Assistant Attorney General
Federal ID No. 11744

BRENDAN J. MCDONALD
Assistant Attorney General
Federal ID No. 10659

Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Phone: (803) 734-3680
Fax: (803) 734-3677

December 29, 2014                    Counsel for Defendant Attorney General

Rule 7.02  Consultation

Counsel for Defendant consulted with counsel for Plaintiffs, and they declined to consent to this motion.

                                          /s/ J. Emory Smith, Jr.
                                          J. EMORY SMITH, JR.
December 29, 2014                          Deputy Solicitor General