**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Colleen Therese Condon and Anne Nichols Bleckley, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> Nimrata (Nikki) Randhawa Haley, in her official capacity as Governor of South Carolina; Alan Wilson, in his official capacity as Attorney General; and Irvin G. Condon in his official capacity as Probate Judge of Charleston County, ) <br> ) <br> Defendants. ) | C/A NO.: 2:14-cv-04010-RMG <br><br> **RESPONSE OF DEFENDANT PROBATE JUDGE IRVIN G. CONDON TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS** |

The Defendant Probate Judge Irvin G. Condon, in his official capacity as Probate Judge of Charleston County, provides the following Response to the Plaintiffs' Petition for Attorneys' Fees and Costs.[1]

**CONCISE SUMMARY OF THE NATURE OF THE CASE**

In *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014), the Fourth Circuit Court of Appeals (Floyd, J.) held that Virginia's marriage laws violated the Due Process and Equal Protection Clauses to the extent that they prevented same-sex couples from marrying and prohibited Virginia from recognizing same-sex couples' lawful out-of-state marriages. On October 6, 2014,

---

[1] On January 14, 2014, counsel for the Plaintiffs advised Defendant Judge Condon's counsel that Plaintiffs would waive any claim for fees or costs against Defendant Judge Condon. However, the parties could not prepare and file a document memorializing this waiver before the response was due. Thus, Defendant Probate Judge Condon files this response against the backdrop of that agreement. If the Court rejects the arguments contained herein and considers awarding attorney's fees and costs against this Defendant, then Defendant Probate Judge Condon respectfully requests the opportunity to file a supplemental response directed at the claims for fees and costs in more detail.

-1-

the United States Supreme Court refused to grant a writ of certiorari to review *Bostic* (one among the seven cases docketed with the Court that struck down same-sex marriage bans in five states: Indiana, Oklahoma, Utah, Virginia, and Wisconsin). *McQuigg v. Bostic*, No. 14-251, 2014 WL 4354536 (U.S., Oct. 6, 2014); *Schaefer v. Bostic*, No. 14-225, 2014 WL 4230092 (U.S., Oct. 6, 2014); *Rainey v. Bostic*, No. 14-153, 2014 WL 3924685 (U.S., Oct. 6, 2014). The Fourth Circuit issued its mandate on October 6, 2014. *Bostic v. Schaefer*, 2014 WL 4960335 (4th Cir., Oct. 6, 2014).

On Wednesday, October 8, 2014, Defendant Charleston County Probate Court Judge Irvin Condon began accepting applications for marriage licenses from several same-sex couples, including the Plaintiffs. That same date, however, the Defendant Attorney General Alan Wilson filed a petition with the Supreme Court of South Carolina for it to accept original jurisdiction and enjoin Defendant Condon and other probate judges from issuing marriage licenses to same-sex couples until the Federal District Court rendered a decision in *Bradacs v. Haley*, 3:13-CV-02351-JMC. Defendant Condon filed a return, seeking dismissal of the Attorney General's Petition and, alternatively, guidance from the state Supreme Court on how to proceed.

On Thursday, October 9, 2014, the Plaintiffs Condon and Bleckley moved to intervene in the State court matter and moved to dismiss the Attorney General's Petition. That same date the Supreme Court of South Carolina granted the Defendant Wilson's petition for original jurisdiction, granted the motion to intervene by the Plaintiffs Condon and Bleckley, denied the motions to dismiss by Plaintiffs Condon and Bleckley and Defendant Probate Judge Irvin Condon, and granted Defendant Probate Judge Irvin Condons's request for guidance. The Court then ordered all state probate court judges (including Defendant Probate Judge Irvin Condon) not

to issue same-sex marriage licenses until Judge Childs decides the issues in *Bradacs*. *State ex rel. Wilson v. Condon*, 764 S.E.2d 247 (S.C. 2014).

Plaintiffs then filed this matter in the Charleston Division on October 15, 2014. They sued Defendant Probate Judge Irvin Condon in his official capacity as probate judge for Charleston County. They requested this Court grant various relief, including a permanent injunction against all Defendants (including Defendant Probate Judge Irvin Condon) from enforcing the provisions of S.C. Const. art. XVII, § 15 and S.C. Code §§ 20-1-10 and 20-1-15.

On October 22, 2014, Plaintiffs Condon and Bleckley moved for summary judgment. They separately moved for preliminary injunctive relief on that same date, seeking an order enjoining the defendants, including Defendant Probate Judge Irvin Condon, from enforcing article XVII, § 15 and the two code sections that ban same-sex marriage in South Carolina. Plaintiffs also seek an order:

A. Requiring the Defendant Probate Judge Irvin Condon to issue a marriage license to the Plaintiffs "and all other same-sex couples upon their application and satisfaction of all legal requirements for a marriage in South Carolina except for the requirement that they be of different sexes...." (Dkt 12, p. 19)

B. Requiring Defendant Condon and all South Carolina probate judges to register their solemnized marriage as is presently required for all marriages" (Dkt 12, p. 19)

C. Enjoining Defendants Governor Haley and Attorney General Wilson and their agents and employees from enforcing the same-sex marriage ban provisions of South Carolina law.

On October 24, 2014, this Court held a hearing in this matter. The Court outlined several issues for response by all of the Defendants.

On Friday, October 31, 2014, Defendant Probate Judge Condon filed a request with the Supreme Court of South Carolina for it to modify the mandate of its Order of October 9, 2014, to account for cases filed after it promulgated its order on October 9, 2014. The case *sub judice* was one of those matters. That state Court, however, never ruled on Defendant Probate Judge Condon's request.

On November 3, 2014, all Defendants filed responses to the Plaintiffs' motion for injunctive relief and provided responses as directed by the Court. (Dkt. Nos. 30, 31). Defendant Probate Judge Irvin Condon also filed an Answer to the Complaint in which Defendant Judge Condon took no position on the merits pursuant to the Canons of Judicial Conduct. (Dkt. No. 27). On November 5, 2014, Plaintiffs filed a Reply to the Response filed by Defendants Haley and Wilson. (Dkt. No. 32). On Friday, November 7, 2014, Defendants Haley and Wilson filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b). (Dkt. Nos. 33, 34).

On November 12, 2014, this Court issued its order granting Plaintiffs the relief they sought. (Dkt. No. 37). The Order enjoined the Defendants from enforcing the challenged laws and required Defendant Probate Judge Condon to issue the license to the Plaintiffs. The court delayed the effective date of the order to November 20, 2014.

On November 18, 2014, Judge J. Michelle Childs entered a ruling in *Bradacs v. Haley*. The next day, November 19, 2014, Defendant Probate Judge Condon issued the license to the Plaintiffs in accordance with the October 9, 2014, Order from the state Supreme Court. Later that same date the Supreme Court of South Carolina issued a second Order declaring its prior injunction to be lifted. *State ex rel Wilson v. Irvin G. Condon*, 765 S.E.2d 834 (S.C. 2014). The next day this Court's order became effective.

## ARGUMENT

Defendant Probate Judge Condon took an oath to uphold the Constitution of the United States of America. In keeping with that oath and in light of *Bostic*, Defendant Probate Judge Condon was the only South Carolina probate judge accepting same-sex marriage license applications and then planning to issue same-sex marriage licenses after the statutory 24-hour waiting period. However, the mandate of the Supreme Court of South Carolina on October 9, 2014, precluded Defendant Probate Judge Condon from issuing any licenses. *See State ex rel Wilson v. Irvin Condon*, 764 S.E.2d 247 (S.C. 2014) (State Supreme Court held "Respondent [Probate Judge Irvin Condon] and all other probate judges are hereby directed not to issue marriage licenses to same-sex couples pending a decision by the Federal District Court in *Bradacs*. Further, unless otherwise ordered by this Court, the issue of the constitutionality of the foregoing state law provisions shall not be considered by any court in the South Carolina Unified Judicial System while that issue remains pending before the Federal District Court.").

In this case, Defendant Probate Judge Condon was sued in his official capacity as a probate judge and in that capacity is subject to judicial immunity. *E.g.*, *Mireles v. Waco*, 502 U.S. 9 (1991). As such, it is inappropriate for Plaintiffs to seek an award of fees and costs from Defendant Probate Judge Condon.

Even if judicial immunity did not protect Defendant Probate Judge Condon, an award of attorney's fees and costs against him would be unjust under the facts of this case. *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (stating a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."), *cited in Lefemine v. Wideman*, 758 F.3d 551 (4th Cir. 2014). The Court in *Lefimine* noted:

> * * * "Courts have universally recognized that [the] special circumstances exception is very narrowly limited." *Doe v. Bd. of Educ. of Baltimore Cnty.*, 165 F.3d 260, 264 (4th Cir.1998) (quotation marks and citation omitted). Indeed, "[o]nly on rare occasions does a case present such circumstances...." *Id. See also*, *e.g.*, *DeJesus Nazario v. Morris Rodriguez*, 554 F.3d 196, 200 (1st Cir.2009) (stating that the special circumstances justifying denial of attorneys' fees are "few and far between").

758 F.3d at 555. This case presents one of those rare occasions.

Whether to allow an award of fees is within this Court's discretion. 42 U.S.C. § 1988; *Hensley v. Eckerhart. See also Blanchard v. Bergeron*, 489 U.S. 87, 89 n. 1 (1989) (although section 1988 provides that the court "in its discretion, may allow ... a reasonable attorney's fee," "that discretion is not without limit: the prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust"). The Court must determine if an award of attorney's fees is "justified" or "reasonable." *McAfee v. Boczar*, 738 F.3d 81 (4th Cir. 2013). The Court must also apply the three-part test described in *McAfee*.

Defendant Probate Judge Condon is a member of the unified judiciary of South Carolina for most purposes.[2] S.C. Const. art. V, § 1. As a member of that judiciary, Defendant Probate Judge Condon must follow the mandates of the Supreme Court of South Carolina. *See City of Florence v. Berry*, 40 S.E. 871, 873 (S.C. 1902) (judgment of supreme court is binding authority in all subsequent similar cases until it is overruled by competent authority). *Cf. Insurance Group Committee v. Denver & R. G. W. R. Co.*, 329 U.S. 607 (1947) (when matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court);

---

[2] Probate judges are part of the unified judicial system except for the judicial retirement system; they are either part of the regular state retirement or may elect to participate in the South Carolina Police Officers Retirement System. S.C. Code Ann. § 9-11-25 (1992). They are not part of the retirement system for judges and solicitors. Chapter 8 of Title 9, S.C. Code.

*Strickland v. U.S.*, 423 F.3d 1335, 1338 n. 3 (C.A. Fed. 2005) (ordinarily, a trial court may not disregard its reviewing court's precedent, subject to two narrow exceptions: if the circuit's precedent is expressly overruled by statute or by a subsequent appellate court decision; thus, a trial judge who believes an appellate court decision contravenes other precedent may do no more than criticize those opinions, urging en banc revision); *Fujian Mach. & Equip. Imp. & Exp. Corp. v. United States*, 178 F. Supp.2d 1305, 1313 (2001) (stating that "a trial court may not disregard the controlling precedent of its appellate court where an intervening Supreme Court decision merely casts doubt on the continuing viability of that precedent, rather than directly overruling it"). Prior to the filing of this case, the Supreme Court of South Carolina had expressly forbidden Defendant Judge Condon from issuing a marriage license to any same-sex couple, including the Plaintiffs, until Judge Childs ruled in *Bradacs*. Judge Condon was bound to obey.

Even so, once the Plaintiffs filed this suit, Defendant Judge Condon requested that the Supreme Court of South Carolina modify its holding to account for this new litigation. But before the state Supreme Court could act, Judge Child rendered her decision in *Bradacs*. Defendant Probate Judge Condon then took the affirmative step of issuing a marriage license to the Plaintiffs on November 19, 2014, one day prior to the effective date of this Court's ruling.

Furthermore, Defendant Probate Judge Condon took no position regarding the merits of the Plaintiffs' claims for relief, and adhered to the mandates of Canon 3(A)(9), Code of Judicial Conduct, Rule 501, SCACR (prohibiting a judge from making any public comment that might reasonably be expected to affect the outcome or substantially interfere with of *any* pending proceeding except only where the judge is a litigant in a personal capacity) (emphasis added).

## CONCLUSION

Defendant Judge Condon submits that the situation at hand falls within the Supreme Court's view of circumstances that would render unjust an award against Judge Condon. For the reasons stated the Court should not enter an award of fees and costs against Defendant Judge Irvin Condon.

Respectfully submitted,

January 16, 2015

/s/ John S. Nichols
John S. Nichols (Fed Ct. ID 2535)
Bluestein, Nichols, Thompson & Delgado
Post Office Box 7965
Columbia, South Carolina 29202
Telephone:  (803) 779-7599
Facsimile:   (803) 779-7599
jsnichols@bntdlaw.com

Richard S. Rosen (Fed. ID 03648)
151 Meeting Street, Suite 400
Charleston, SC 29401
Telephone: (843) 577-6726
Facsimile:  (843) 724-8046
rsrosen@rrhlawfirm.com

Attorneys for Defendant Probate Judge Irvin Condon